QUESTION:
Does the provision contained in s. 231.611, F. S., relating to establishment of teacher education centers that `statewide implementation should be accomplished prior to June 30, 1979,' mean that every school district will be involved with teacher centers by that date, or does it mean that after that date there will be no further teacher centers?
SUMMARY:
The language of s. 231.611, F. S., regarding implementation of teacher education centers, and requiring that `[s]tatewide implementation should be accomplished prior to June 30, 1979,' means that such centers are to be established and in operation by that date and every school district should be involved or participating in teacher education centers and programs by June 30, 1979.
Sections 231.600-231.610, F. S., are known as the Teacher Education Center Act of 1973, which provides for the establishment of teacher learning centers in Florida. Section 231.611, F. S., was added to the act in 1974 by Ch. 74-227, Laws of Florida, and provides, inter alia, that the planning, development, and implementation of teacher education centers shall be carried out `in an orderly, systematic manner.' In order to assure that implementation of these centers and effectuation of the purposes of the teacher education center act be accomplished as expeditiously be accomplished prior to June 30, 1979,' and `[s]tatewide implementation should be accomplished prior to June 30, 1979,' and authorizes the Department of Education to approve up to 10 centers during fiscal year 1974-1975. Your concern about interpretation of this section apparently results from uncertainty about whether the Legislature contemplated that all of the school districts be involved with teacher centers and that such centers be in full, continuing operation by June 30, 1979, or whether it was contemplated that after that date there be no further teacher centers established.
In seeking to resolve the problem of interpreting the statutory language, I am guided by long-established rules of statutory construction. Initially, legislative intent is to be ascertained if possible from a consideration of the entire act and of othersin pari materia. Effect should be given to all material portions of the law in order to carry out and effectuate to the greatest degree possible the intention of the lawmakers. State v. Amos,79 So. 433 (Fla. 1918); State v. Burr, 84 So. 61 (Fla. 1920); Mixon v. Keller, 372 F. Supp. 51 (N.D.Fla. 1974), aff'd in part,remanded in part, 516 F.2d 898 (5th Cir. 1975). Where the legislative intent is clear from the language used in the entire act, considered in the ordinary and grammatical sense of the terms employed, rules of construction are unnecessary and inapplicable. State v. Burr, supra; Clark v. Kreidt, 199 So. 333 (Fla. 1941). For the following reasons, I am of the opinion that the language involved means that teacher education centers should be established and in full operation by June 30, 1979, and that all the school districts should be involved or participating in such centers by that date.
While the language in question may lend itself to varied interpretation when read in isolation, it becomes unambiguous when read together with the clearly enunciated legislative intent and within the context of all the language of the act. The act has as its declared purpose the introduction and implementation of a `new state policy for the education of teachers.' Section 231.601(1), F. S. The Legislature has found that `[t]eachers can best assist with improving education when they directly and personally participate in identifying needed changes and in designing, developing, implementing, and evaluating solutions to meet the identified needs.' Section 231.601(2), F. S. Further, `[t]he education of teachers is a career-long process.' (Emphasis supplied.) Section 231.601(3), F. S. Therefore, the Legislature has provided that the State Board of Education shall issue regulations providing for establishment of teacher education centers in school districts. The purpose of such centers is to coordinate the joint utilization of resources of both state's colleges and universities and the local school districts in order to further preservice and inservice education programs and to provide a facility for interaction among teachers and faculty and staff of the universities and the districts. Section 231.601(4), F. S. Section 231.603, F. S., sets forth the programs of the teacher education centers which are to include, inter alia, assessment of inservice training needs, providing the necessary clinical preservice training experiences, facilitating the entry or reentry of educational personnel into the profession, and facilitating internal and external evaluation, including process and product evaluation and validation of teaching competency.
Hence, the Legislature has found that teacher education is a dynamic process the needs of which are constantly changing and that, therefore, constant preservice and inservice teacher education and training and evaluation of the processes, programs, and progress thereof are necessary to enable teachers to keep pace with these changes. It is clear from the language quoted above that the Legislature perceives teacher learning centers as performing a continuous function both because of frequent new developments in the nature and quality of education and educational programs of the schools and because new teachers will constantly enter the system and require exposure to the experiences the centers are designed to offer. For these reasons, I find that the language of s. 231.611, F. S., means that the centers are to be established and in operation by June 30, 1979, and that each school district should be involved or participating in such teacher education centers and programs by that date.
Prepared by: Sharyn L. Smith Assistant Attorney General Frank A. Vickory Legal Research Assistant